UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TYREE WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00084-JPH-MKK |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Tyree Washington, a transgender female federal inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, while incarcerated in this district. Washington complains that she was placed in the SHU, or secured housing unit, for fighting. She asserts that because prison staff failed to protect her as a transgender female, she was forced to defend herself. Dkt. 1 at 2. She claims her continued placement in the SHU and anticipated transfer to another penitentiary is unconstitutional given her transgender status. *Id.* Respondent argues that the Petition should be denied because Washington is challenging her conditions of confinement and not the fact of her incarceration. Dkt. 9. Washington did not file a reply and the time to do so has passed.

For the reasons stated below, Washington's § 2241 petition is **dismissed without prejudice**.

**I. Background**

Washington is a federal inmate currently incarcerated within the BOP. Dkt. 9-1 at ¶4. She is serving a fifty-seven year and one day term of

1

imprisonment followed by two years of supervision. *Id.* Washington was housed at the United States Penitentiary in Terre Haute, Indiana (USP – Terre Haute) from May 17, 2022, through February 27, 2023. *Id.* at ¶ 5. She was placed in the SHU on January 8, 2023, in administrative detention status pending an investigation for fighting with another inmate. *Id.* at ¶6. Washington was transferred from USP – Terre Haute on February 27, 2023, and is currently housed at the United States Penitentiary located in Hazelton, West Virginia (USP – Hazelton). *Id.* at ¶5.

## II.  Legal Standard

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only where the petitioner is "challenging the fact or duration of confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . , we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

### III. Discussion

Respondent argues that this action should be dismissed because Washington is not challenging the fact or duration of confinement. Instead, she is challenging her placement in the SHU and transfer to USP-Hazelton. Washington does not seek release from custody, which would require some argument that her conviction or sentence is infirm.

As a prisoner, Washington has no constitutional right to incarceration in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) ("[T]he Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison," and "the Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."). Thus, Washington cannot pursue a claim based on her transfer to USP-Hazelton in this habeas action.

Nor can Washington challenge her short-term (January 8 to February 27) placement in the SHU in this habeas action. Prisoners have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005).

To reiterate, Washington is not challenging the fact or duration of her confinement. She is challenging the conditions in which is being held. Under binding precedent, such claims must be raised in a civil rights action, not a habeas action. *See Robinson*, 631 F.3d at 840–41.

The Seventh Circuit has instructed district courts "not to recharacterize a prisoner's petition for writ of habeas corpus as a prisoner civil rights complaint without his informed consent" because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or if possible, disadvantageous to the compared to the dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). Here, no attempt to recharacterize the habeas petition as a civil rights complaint shall be made because the conditions of confinement Washington currently faces are outside this judicial district in West Virginia. Thus, any civil rights action challenging Washington's conditions of confinement at USP-Hazelton need to be brought in the district of her incarceration.

## IV. Conclusion

Washington's § 2241 habeas petition is **dismissed without prejudice** because it is not challenging "the fact or duration of confinement." *Hill v. Welinger*, 695 F.3d 644, 645 (7th Cir. 2012). The dismissal of this action is based only on the determination that Washington cannot obtain the relief she seeks through a habeas petition. The Court makes no determination on the merits of

4

Washington's claims or regarding whether she may be successful on her claims in a civil rights or other type of action.

Judgment will issue by separate entry.

**SO ORDERED.**

Date: 4/17/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYREE WASHINGTON
44323-039
HAZELTON USP
P.O. Box 2000
Bruceton Mills, WV 26525

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov